David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Chip Paige,**<br>Plaintiff,<br>v.<br>**Fidelity Creditor Service, Inc.,**<br>Defendant. | **Case No.:**<br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit

and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Chip Paige ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Fidelity Creditor Service, Inc. ("Fidelity" or "Defendant") with regard to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.
3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.
4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.
5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.
6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.
7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Fidelity is a debt collector doing business in the State of California, with a principal place of business in Glendale, California.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Upon reviewing his credit report, Plaintiff learned that Defendant Fidelity was reporting two separate collection accounts on his credit report.

16. Plaintiff immediately began contacting Defendant Fidelity in order to identify these accounts and remedy the situation.

17. Plaintiff has had his attorneys communicate with Defendant Fidelity on several occasions regarding the accounts on his credit report.

18. Plaintiff has requested the debt be verified, validated, and documentation on the debt be provided to Plaintiff including the alleged monthly statements showing the charges incurred on said accounts.

19. Defendant has refused to provide billing statements showing the charges incurred.

20. Plaintiff believes that the alleged balance on the account is inaccurate and much larger than the true balance for each account.

21. On or about October 2016, Plaintiff disputed Fidelity's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying the credit reporting agencies, in writing, of the incorrect and inaccurate credit information furnished by Fidelity.

22. Fidelity was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

23. On or about early November 2016, Plaintiff received notification that Fidelity received notice of Plaintiff's disputes pursuant to 15 U.SC. § 1681i(a)(6), and Fidelity verified the account.

24. Surprisingly, rather than correct the inaccurate balance on each account, Defendant simply verified the amount is correct.

25. Since Plaintiff did not owe Defendant the balance listed, the information being reported on Plaintiff's credit report was blatantly incorrect.

26. Fidelity, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

27. Fidelity failed to review all relevant information provided by Plaintiff in the dispute to Fidelity including Plaintiff's dispute, his various phone calls directly with Fidelity, as well as emails and letters sent to Fidelity on his behalf, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

28. Plaintiff is informed and believes and herein alleges that Fidelity does not have the monthly statements for the accounts and therefore cannot verify that Plaintiff is responsible for the balance listed.

29. Plaintiff is informed and believes and herein alleges that Fidelity simply relied on a "ledger" which was essentially a computer screen shot with a

balance listed to determine the balance on the account. Plaintiff contends that simply relying on such limited records when the amount is in dispute is unreasonable.

30. Due to Fidelity's failure to investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

31. Plaintiff's continued efforts to correct Fidelity's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Fidelity were fruitless.

32. Fidelity's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

33. Fidelity's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

34. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Fidelity failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

35. Due to Defendant's actions, Plaintiff has been forced to refrain from using his credit. Therefore, each and every month, Plaintiff's damages are ongoing.

36. Further, Defendant's actions are causing Plaintiff to suffer mental anguish, emotional distress type damages.

## First Cause Of Action
## Violation Of The Fair Credit Reporting Act
## 15 U.S.C. § 1681 *et seq.* (FCRA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

39. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

40. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

41. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 27, 2016

Respectfully submitted,

BY: /S/ DAVID MCGLOTHLIN______
DAVID MCGLOTHLIN, ESQ.
ATTORNEY FOR PLAINTIFF